## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

-------------------------------------------------------------------------------

Misfit Coffee Company, LLC,

                       Plaintiff,

        v.

Tony Donatell d/b/a THE MISFITS
HOSPITALITY COLLECTIVE

                       Defendant.

-------------------------------------------------------------------------------

Civil Action No. _____

**COMPLAINT**

      Plaintiff Misfit Coffee Company, LLC ("Misfit Coffee" or "Plaintiff"), for its claims against Defendant Tony Donatell ("Donatell" or "Defendant") d/b/a THE MISFITS HOSPITALITY COLLECTIVE, states and alleges as follows:

### **JURISDICTION AND VENUE**

      1.      Misfit Coffee files this action against Defendant for breach of contract, trademark infringement, dilution, unfair competition, deceptive trade practices, and declaratory judgment. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, *et seq*., Minnesota statutes, and common law. This Court has subject matter jurisdiction over Misfit Coffee's claims for federal trademark infringement and unfair competition under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and over Misfit Coffee's state and common law trademark breach of contract, infringement, dilution, deceptive trade practices, and declaratory judgment claims under 28 U.S.C. § 1367.

2.     Defendant conducts business in this judicial district, has engaged in and continues to engage in infringing activity that also breaches a contract with Plaintiff in this judicial district, and is subject to personal jurisdiction in this judicial district.

3.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

## THE PARTIES

4.     Misfit Coffee is a Minnesota limited liability company having a principal place of business at 2401 Lyndale Ave. S., Minneapolis, Minnesota 55405.

5.     Misfit Coffee is a purveyor of coffee, tea, beer, cocktails, and food items (including pastries and light lunch and dinner fare) through coffee shops, coffee and food trucks, food services, kiosk operations, and event catering. Since 2015 Misfit Coffee has sold its coffee, tea, beer, cocktails, and food items under the MISFIT mark.

6.     Tony Donatell is a natural person believed to reside in or around Savage, Minnesota. Donatell is the self-described owner of a "restaurant group"/"hospitality group" called Misfits Hospitality Collective.

7.     The Misfits Hospitality Collective purports to include the following restaurants and bars located around the Twin Cities metropolitan area:[1]

> A.  Farmer's Grandson Eatery located at 1286 Lone Oak Rd, Eagan, MN 55121 serving "fresh, high quality food, fast."
>
> B.  Burgers and Bottles located at 1278 Lone Oak Rd, St Paul, MN 55121 serving "fresh, hand crafted burgers, and cut French fries, and bottled

---

[1] *See* Exhibit 23 (listing each brick-and-mortar location that is included in the group.)

sodas."

C.  Sockdollager located at 590 West 79th Street, Chanhassen, MN 55317

serving over 500 bottles of whiskey.

D.  The Volstead House located at 1278 Lone Oak Rd, St Paul, MN 55121

serving an "entire world of spirits and craft cocktails."

E.  Bourbon Butcher located at 20700 Chippendale Ave, Farmington, MN

55024 serving "southern style smokehouse with creative craft cocktail,

local tap beer, and an awe-inspiring wall of Bourbon."

F.  Whiskey Inferno located at 14425 State Hwy 13, Savage, MN 55378

serving a style of food where "Chicago Steakhouse meets Central Texas

Barbecue."

G.  Tequila Butcher located at 590 West 79th Street, Chanhassen, MN 55317

serving "patiently cooked, exiting food."

H.  Farm Town Brew Hall located at 20700 Chippendale Ave W, Farmington,

MN 55024 serving "creative burgers and handhelds, house smoked wings,

shareable appetizers and a huge list of unique Minnesota local brews."

I.  Mezcalito Butcher located at 14889 Florence Trail, Apple Valley, MN

55124 serving Mexican cuisine and "exploring the vast depths of agave

spirits."

J.  Farmer and the Fishmonger located at 14883 Florence Trail, Apple Valley,

MN 55124 serving "Minnesota's natural cuisine."

K.  BBQ Boys located at 1278 Lone Oak Road, Eagan, MN 55121 serving

"smokehouse cuts with a globally inspired twist."

L.  Shakopee House located at 1583 1st Avenue East, Shakopee, MN 55379 serving "perfectly crafted cocktails and classic supper club dishes."

M. Rum Row located at 1583 1st Avenue East, Shakopee, MN 55379 serving "an entire wall of rum from all around the world."

8.      In addition to being a "restaurant group"/"hospitality group," the Misfits Hospitality Collective sells gift cards which can be used for purchases at all twelve restaurant and bar locations.

## **FACTS**

9.      Since 2015, Misfit Coffee has been selling high quality specially roasted coffee beans, coffee and tea drinks, beer and cocktails, and food items through its coffee shops, coffee trucks, food services, kiosk operations, and event catering. Misfit Coffee has developed a reputation for high quality coffee, tea, beer, cocktails, and food products within Minnesota and through the United States.

**Misfit Coffee's Federal Trademarks:**

10.     Misfit Coffee has obtained United States trademark registrations for the mark MISFIT, in both standard character and stylized form.

11.     A copy of Misfit Coffee's U.S. Trademark Registration No. 6,466,477 ("the '477 Registration"), registered August 31, 2021, for the word mark MISFIT for use with coffee shops in International Class 043, is attached as Exhibit 1.

12.     In addition to the '477 Registration, Misfit Coffee has filed U.S. Trademark Application Nos. 88/870,013; 88/983,655 and 97/171,474 ("the MISFIT Word Mark

4

Applications") to register the word mark MISFIT for use with International Classes 30, 32, 33 and 43, which applications are attached as Exhibits 2-4. Goods and services descriptions for the MISFIT Work Mark Applications include the following:

> CLASS 30: Coffee, coffee drinks, prepared coffee, coffee-based beverages, coffee beans, preparations for making coffee-based beverages, coffee-based iced beverages

> CLASS 32: Syrups for beverages, non-alcoholic cocktail mixes

> CLASS 33: Bitters, alcoholic cocktail mixes

> CLASS 43: Restaurant services; catering services; bar services; providing of food and drink via a mobile truck; mobile catering; mobile restaurant services; mobile café services for providing food and drink.

13.     A copy of Misfit Coffee's U.S. Trademark Registration No. 6,466,478 ("the '478 Registration"), registered August 31, 2021, for the mark, MISFIT in stylized form

, with the letters "MIS" located above the letters "FIT" which are shown upside down and backwards, for use with coffee shops in International Class 043, is attached as Exhibit 5.

14.     In addition to the '478 Registration, Misfit Coffee has filed U.S. Trademark Application Nos. 88/870,006; 88/983,654 and 97/171,402 ("the MISFIT Design Mark

Applications") to register the  mark, for use with International Classes 030, 032, 033, and 43, which application is attached as Exhibit 6-8. Goods and services descriptions for the MISFIT Design Mark Applications include the following:

CLASS 30: Coffee, coffee drinks, prepared coffee, coffee-based beverages, coffee beans, preparations for making coffee-based beverages, coffee-based iced beverages.

CLASS 32: Syrups for beverages, non-alcoholic cocktail mixes

CLASS 33: Bitters, alcoholic cocktail mixes

CLASS 43: Restaurant services; catering services; bar services; providing of food and drink via a mobile truck; mobile catering; mobile restaurant services; mobile café services for providing food and drink

**The Parties' Litigation History**

15.     In or around early July 2021, Defendant opened a restaurant called "THE MISFITS COLLECTIVE" in Apple Valley, Minnesota. *See* Exhibit 9. THE MISFITS COLLECTIVE was described as a food hall with four restaurant/bar concepts under one roof, including a coffee shop. *Id*.

16.     As displayed on its website, THE MISFITS COLLECTIVE was displayed in all capital letters and featured a backwards capital "F."



*See* Exhibit 10.

17.     The exterior signage on THE MISFITS COLLECTIVE's brick and mortar

location also was displayed in all capital letters and featured a backwards capital "F."



*See* Exhibit 11, ¶ 17.

18.    In August 2021, counsel for Misfit Coffee apprised Donatell of the issuance of the '477 and '478 Registrations, provided him copies of the registrations, and demanded that he cease all use of the marks, *i.e.*, MISFIT and THE MISFITS COLLECTIVE.

19.    Defendant continued using the '477 and '478 Registrations, in the restaurant's name, THE MISFITS COLLECTIVE, its logo, and its URL, www.themisfitscollective.co.

20.    Because Defendant continued using the '477 and '478 Registrations. Misfit Coffee filed Civil Action Number 21-CV-2130-DWF-JDG in this Court (the "Previous Action"). Exhibit 11.

21.    In the Previous Action Plaintiff asserted the following claims: (1) violation

of 15 U.S.C. § 1114 with respect to the mark registered as no. 6,466,477; (2) violation of

15 U.S.C. § 1114 with respect to the mark registered as no. 6,466,478; (3) violation of 15

U.S.C. § 1125(a); (4) violation of Minn. Stat. § 325D.13; (5) common law trademark and

trade dress infringement; and (6) common law unfair competition. *See id*.

22.     On December 20, 2021, Plaintiff and Donatell, along with his previous co-

defendant, Lone Oak Store LLC (collectively, the "Donatell Entities") stipulated to

dismissal of the Previous Action pursuant to a Settlement Agreement negotiated by the

parties' counsel. *See* Exhibit 12.

**The Parties' Settlement Agreement Resolving Prior Litigation**

23.     The Settlement Agreement explicitly states that it was reached in order to

resolve the Previous Complaint and its underlying dispute. *See* Exhibit 13 at 2.

24.     During settlement negotiations and the formation of the Settlement

Agreement, both parties were represented by independent legal counsel of their choice

and fully understood and voluntarily accepted the terms set therein. *Id*. at 6, § 15.

25.     To resolve the claims asserted by Misfit in the Previous Complaint,

Defendant, as a defined member of the "Donatell Entities," expressly agreed to

"permanently cease" use of the word "MISFIT" as it related to the "Protected Classes,"

*i.e.*, international classes 30, 32, 33 and 43:

> Cessation of Use of the Mark. The **Donatell Entities**, and any other entity
> for which Donatell is a member, officer, director, agent and/or employee,
> and any member, shareholder, officer, director, agent, employee and all
> those acting in concert or participation with any Donatell Entity, **shall
> themselves and cause all other persons or entities under their control to
> permanently cease, on or before November 1, 2021, all use of:**

(a)　　　　**the mark The Misfits Collective and any mark incorporating the MISFIT® mark in connection with any goods or services in international classes 30, 32, 33 and 43** ("the Protected Classes");

(b)　　　　**any word, term, name, symbol, or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Misfit's MISFIT® mark** (as used in the '477 Registration and '013 Application) or **MISFIT® mark in stylized form**

( **MIS⅂Iꓕꓶ** ) (as used in the '478 Registration and '006 Application);

(c)　　　　the <themisfitcollective.co> domain name in connection with use in any of the Protected Classes; or

(d)　　　　any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Donatell Entities, or as to the source or origin of, or sponsorship or approval by, the Donatell Entities' services, goods, or commercial activities.

*Id*. at 2, ¶ 1 (emphasis in bold added).

　　　26.　　Defendant also expressly agreed to abandon any and all rights to use of the word "MISFIT":

> <u>Abandonment of Rights</u>. The **Donatell Entities** hereby **declare their voluntary, intentional, and irrevocable abandonment of any and all rights in and to the mark The Misfits Collective** in connection with any use in any of the Proteced Classes [international classes 30, 32, 33, and 43], and **any mark incorporating the MISFIT® mark and any word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Misfit's**
>
> **MISFIT® mark or MISFIT® mark in stylized form (　　　).**

*Id*. at 2-3, ¶ 2 (emphasis in bold added).

　　　27.　　As part of the Settlement Agreement, Defendant expressly agreed to remove all materials using the word "MISFIT" by no later than November 1, 2021:

<u>Removal of Materials from the Marketplace</u>. The Donatell Entities shall take all necessary steps to remove from public view and access by no later than November 1, 2021 all materials, including all signs, displays, and promotional and packaging materials that use, feature, or bear:

(e)    **The Misfits Collective mark and any mark incorporating the MISFIT® mark** in connection with any use in the Protected Classes [international classes 30, 32, 33, and 43];

(f)    **any word, term, name, symbol or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Misfit's MISFIT® mark or MISFIT®**

**MIS**
**⊥I⅃**

**mark in stylized form (** **); or**

(g)    **any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Donatell Entities with Misfit**, or as to the source or origin of, or sponsorship or approval by Donatell Entities' services, goods, or commercial activities.

*Id*. at 3, ¶ 3 (emphasis in bold added).

28.    Defendant also expressly agreed that Misfit Coffee is the rightful owner of the '477 and '478 Registrations, including the word "MISFIT," and Defendant waived his right to challenge the validity of such a mark:

<u>Acknowledgement of Ownership and No Challenge</u>. **The Donatell Entities acknowledge that Misfit is the owner of all right, title and interest in and to Misfit's MISFIT® mark and MISFIT® mark in stylized form (**

**MIS**
**⊥I⅃**

**) and the Registrations and Applications. The Donatell Entities acknowledge that Misfit's MISFIT® mark and MISFIT® mark in**

**MIS**
**⊥I⅃**

**stylized form (** **) are valid and that the Registrations and Applications are valid and subsisting.** The Donatell Entities shall not at any time or for any reason challenge either the validity of Misfit's MISFIT®

mark or MISFIT® mark in stylized form (     ) or Registrations or Applications or Misfit's ownership thereof.

*Id*. at 3-4, ¶ 5 (emphasis in bold added).

29.     Defendant also expressly agreed that Defendant's breach or threatened breach of any of his obligations under the Settlement Agreement, would result in an irreparable harm to Misfit Coffee entitling Plaintiff to equitable relief:

> <u>Equitable Relief</u>. **The Donatell Entities acknowledge that a breach or threatened breach by the Donatell Entities of any of their obligations under this Agreement would give rise to irreparable harm to Misfit** for which monetary damages would not be an adequate remedy and hereby agrees that in the event of a breach or a threatened breach by the Donatell Entities of any such obligations, **Misfit shall, in addition to any and all other rights and remedies that may be available to it in respect of such breach, be entitled to equitable relief, including a temporary restraining order, an injunction, specific performance, and any other relief that may be available from a court of competent jurisdiction** (without any requirement to post bond).

*Id*. at 5, ¶ 13 (emphasis in bold added).

30.     The Settlement Agreement includes no exceptions for Donatell to use the word Misfit in connection with a restaurant group/hospitality group, and expressly states that "[t]his Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof." *Id*. at 4, ¶ 9.

31.     The Settlement Agreement also provides that if any party institutes any legal action proceeding against the other party arising out of the Settlement Agreement, the prevailing party in the action shall be entitled to receive the costs incurred by that

party in investigating the claim and conducting the action, including actual attorneys'
fees and expenses and court costs. *Id.* at 5-6, ¶ 14.

32.     The Settlement Agreement expressly provides that it is legally binding and
that the Agreement shall be construed under the laws of the state of Minnesota. *Id.* at 4, ¶
8.

**Defendant's Subsequent Breach and Infringing Activities:**

33.     In or around late November 2022, Plaintiff learned through a Facebook post
authored by Donatell that he is again using Misfit Coffee's MISFIT® mark in connection
with his "restaurant family," each of which falls within the scope of the Protected
Classes.

34.     Specifically, Donatell published a post on the Facebook page for Volstead
House Whiskey Bar & Speakeasy, and other related restaurants, captioned "Message
from the owner" which was signed by him, *i.e.* "Tony." In addition to other content, the
Facebook post stated:

> We are renaming our hospitality group the Misfits Hospitality Collective!
> We now have restaurants in 6 cities across the South Metro, including 12
> unique brands. We wanted to create a hospitality group name that connects
> them and celebrates their distinct identities. In a world that pushes for
> conformity, our Misfits, as we lovingly call them, look to challenge the
> norm by leveraging their purposeful individualism to create for you flavors
> and experiences like never before. Found inherently in the purpose of our
> family of brands, we identified a common thread between our restaurants –
> the capacity to inspire…. We hope you will grab one of our new discount
> cards and support all our restaurants, each with its own unique
> experience…. Thank you again for all of your support. We wouldn't be
> here without you. Happy Holidays from me and all of our restaurant family.

Exhibit 14. This same message was also posted on the Facebook pages for various other

restaurants and bars now operated under the renamed hospitality group, "The Mistfit Hospitality Collective." *Id*.

35.    Upon learning of Donatell's Facebook post announcing his use of "Misfit" in The Misfits Hospitality Collective, Plaintiff's counsel sent a cease and desist letter to Donatell (and his counsel), dated December 2, 2022, explaining that Donatell's use of the term "Misfit" in "The Misfits Hospitality Collective" constitutes infringement of the '477 Registration and a breach of the Settlement Agreement, including, but not limited to sections 1-3. Exhibit 15. The December 2, 2022 letter concluded by requesting confirmation in writing that Donatell would stop using the term "Misfit" in conjunction with his restaurants. *Id*. at 3.

36.    On or around December 5, 2022, Misfit Coffee's counsel learned that in addition to using the word Misfit, Donatell, was also using a design in which the "F" in Misfits is backward. Misfit Coffee's counsel sent an email to Donatell's counsel noting this fact and explaining that the use of a backward "F" meant that Donatell was also infringing the '478 Registration. Exhibit 16.

37.    Over the course of the next several days, counsel for the parties exchanged emails regarding Misfit Coffee's cease and desist letter. During one such exchange, counsel for Defendant challenged Misfit Coffee's interpretation of the plain language of the Settlement Agreement, stating Defendant's position that the Settlement Agreement provided "that [Donatell] cannot use the MISFIT mark, not the word 'Misfit.'" Exhibit 17 (email from C. Alden to C. Young, dated Dec. 5, 2022, 6:15 p.m.). Defendant's stated position ignored his contractual promise to "permanently cease … all use of …any word

…that is identical or confusingly similar to …Misfit's MISFIT® mark (as used in the '477 Registration and '013 Application)…." Exhibit 13, § 1 (b).

38.     On December 13, 2022, after counsel for the parties had exchanged several emails regarding Donatell's breach of contract and trademark infringement, Donatell's counsel announced that (1) Donatell would stop using the word "Misfits" with a backward "F," but (2) that "with regard to the word 'Misfit' in the name, [Donatell] is unwilling to change that." Exhibit 18.

39.     At or around the time of the correspondence between the parties' counsel, Misfit Coffee learned that Donatell had created a new website for The Misfits Hospitality Collective. Among other content, The Misfits Hospitality Collective website includes a webpage titled "Home," which says:

### THE MISFITS' MISSION?

To create inspiring restaurants – driven by individualism – optimized for experimentation – in support of **our restaurant family, the Misfits**.

Our vision for our future is to build great brands, develop people, inspire confidence, ignite curiosity, and energize long-term growth.

.   .   .   .

**Who are the Misfits**? Lovingly described as a person whose behavior or attitude sets them apart from others in an uncomfortably conspicuous way. In a world that pushes conformity, **our Misfits look to challenge the norm by leveraging their purposeful individualism to create flavors and experiences like never before**.

We encourage investigation, exploration, invention, and experimentation on the path to mastering your Misfit. Found inherently in the purposes of our family of brands, we identified a common thread between our restaurants – the capacity to inspire. From guest experience, to career development, to community support, our restaurants play a role in the lives of thousands of people every day.

Exhibit 19 (emphasis added). As The Misfits Hospitality Collective website

demonstrates, Donatell uses the word "Misfits" to refer to his individual restaurants.

40.      The Misfits Hospitality Collective website also includes a page for "Gift

Cards." This page demonstrates that contrary to the representations of Donatell's counsel,

Donatell continues to use the word "Misfits" with a backward "F" and in doing so

continues to infringe the '478 Registration and breach the Settlement Agreement.

Specifically, Donatell continues to use the '478 Registration (the stylized Misfit with

backward "F") on gift cards which are displayed on the Misfits Hospitality Collective

website.



Exhibit 20 (annotation added showing backward "F"). The Misfits Hospitality Collective

continues to display the above webpage, including its infringement of the '478

Registration, as of the date of filing of this Complaint. *See id.*

41.      Various social media posts were made by the bars and restaurants owned by

Donatell that contain images of individuals holding gift cards displaying the word "Misfits" with a backward "F" in a manner that infringes upon the '478 Registration and breaches the Settlement Agreement. Exhibit 21. Further, many of Defendant's restaurants' and bars' individual websites have links to purchase "Misfits Gift cards" from the webpage above. Exhibit 22.

42.     In addition to The Misfits Hospitality Collective website, Donatell is also using the word "Misfits," and hence the mark MISFIT as used in the '477 Registration, on numerous social media sites, including at least Facebook and Instagram.

43.     A theme across The Misfits Hospitality Collective and Donatell's related social media sites is the use of "Misfits" to market its brick-and-mortar bars and restaurants as well as in collective reference to all of its brick-and-mortar locations' respective employees and customer bases. Examples of such references include:

> "In a world that pushes for conformity, **our Misfits, as we lovingly call them**, look to challenge the norm by leveraging their purposeful individualism to create for you flavors and experiences like never before."

Exs. 14, 19 (emphasis added).

44.     By referring to his individual restaurants as "Misfits," Defendant uses the term to refer to both the restaurant group/hospitality group, *i.e.*, "The Misfits Hospitality Collective" and the individual, brick-and-mortar restaurants.

## COUNT I
### (Breach of Contract)

45.     Plaintiff restates and realleges the forgoing allegations as if set forth fully herein.

46.    The Settlement Agreement, as originally agreed, is a valid and enforceable contract between Plaintiff and Defendant.

47.    Plaintiff has performed all of its obligations under the Settlement Agreement, *i.e.* resolving the Complaint and Lawsuit (the Previous Action), necessary to demand performance of Defendant.

48.    Defendant agreed, pursuant to the terms of the Settlement Agreement, to "permanently cease, on or before November 1, 2021, all use of "The Misfits Collective," any mark incorporating the MISFIT® mark in connection with any goods or services in international classes 30, 32, 33, and 43, "any word, term, name, symbol, or device (or any combination thereof) that is identical or confusingly similar to … Misfit's MISFIT® mark

… or MISFIT® mark in stylized form ( ![MISFIT stylized mark] )…."

49.    Defendant materially breached the Settlement Agreement through conduct and omissions including, but not limited his improper use of the word "Misfit, the name "The Misfits Hospitality Collective" and use of that name with a backward "F" as used in the stylized MISFIT® mark. Such uses contravene Defendant's express promises as set forth in the Settlement Agreement, including, but not limited to sections 1-3, and 5.

50.    Misfit Coffee has been required to obtain attorneys and incur costs to enforce the Settlement Agreement.

51.    As a direct and proximate result of Defendant's breach of contract, Misfit Coffee has suffered monetary damages in an amount to be proven at trial.

**COUNT II**

**(Federal Trademark Infringement of U.S. Trademark Registration No. 6,466,477)**
**(Violation of 15 U.S.C. § 1114)**

52.     Plaintiff restates and realleges the forgoing allegations as if set forth fully herein.

53.     The Defendant's unauthorized use of the word "Misfit" and the phrase "The Misfits Hospitality Collective," as its name has caused and is likely to cause confusion, to cause mistake, or to deceive consumers, and constitutes infringement of Misfit Coffee's '477 Registration.

54.     Upon information and belief, the Defendant deliberately and willfully infringed Misfit Coffee's '477 Registration in an attempt to trade off the recognition and goodwill associated with that Mark.

55.     The Defendant's actions are likely to cause irreparable harm to Misfit Coffee unless enjoined.

56.     The Defendant's actions entitle Misfit Coffee to monetary relief under 15 U.S.C. §1117.

57.     As a result of the Defendant's trademark infringement, Misfit Coffee has suffered loss and damages in an amount to be determined at trial. Misfit Coffee is entitled to recover the Defendant's profits attributed to their infringing activities. Misfit Coffee is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is also entitled to permanent injunctive relief, enjoining the Defendant from further and continuing violations of 15 U.S.C. § 1114.

**COUNT III**
**(Federal Trademark Infringement of U.S. Trademark Registration No. 6,466,478)**

**(Violation of 15 U.S.C. § 1114)**

58.     Plaintiff restates and realleges the forgoing allegations as if set forth fully

herein.

59.     The Defendant's unauthorized use of the word "Misfit", the phrase, "The

Misfits Hospitality Collective," as its name and his restaurant group/hospitality group's

logo using that phrase with a backwards "F," has caused and is likely to cause confusion,

to cause mistake, or to deceive consumers, and constitutes infringement of Misfit

Coffee's '478 Registration.

60.     Upon information and belief, the Defendant deliberately and willfully

infringed Misfit Coffee's '478 Registration in an attempt to trade off the recognition and

goodwill associated with the  mark.

61.     The Defendant's actions are likely to cause irreparable harm to Misfit

Coffee unless enjoined.

62.     The Defendant's actions entitle Misfit Coffee to monetary relief under 15

U.S.C. §1117.

63.     As a result of the Defendant's trademark infringement, Misfit Coffee has

suffered loss and damages in an amount to be determined at trial. Misfit Coffee is entitled

to recover the Defendant's profits attributed to their infringing activities. Misfit Coffee is

entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is also entitled

to permanent injunctive relief, enjoining the Defendant from further and continuing

violations of 15 U.S.C. § 1114.

**COUNT IV**
**(Federal Unfair Competition)**
**(Violation of 15 U.S.C. § 1125(a))**

64.    Plaintiff restates and realleges the forgoing allegations as if set forth fully herein.

65.    The Defendant's unauthorized use of the word "Misfit", the phrase "The Misfits Hospitality Collective," including when used with a backwards "F," on and in connection with his restaurants and his restaurant group/hospitality group is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of the Defendant with Misfit Coffee, or as to the origin of the Defendant's goods, or as to the sponsorship or approval of Defendant's goods and/or commercial activities by Misfit Coffee, all in violation of 15 U.S.C. § 1125(a).

66.    Upon information and belief, the Defendant's unlawful actions were deliberate and willful.

67.    The Defendant's actions are likely to cause irreparable harm to Misfit Coffee unless enjoined.

68.    As a result of the Defendant's actions, Misfit Coffee has suffered loss and damage in an amount to be determined at trial. Misfit Coffee is entitled to recover the Defendant's profits attributed to Defendant's unlawful activities. Misfit Coffee is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is further entitled to permanent injunctive relief enjoining the Defendant from further and continuing violations of 15 U.S.C. § 1125(a).

**COUNT V**

20

**(Minnesota Unlawful Trade Practices)**
**(Violation of Minn. Stat. § 325D.13)**

69.     Plaintiff restates and realleges the forgoing allegations as if set forth fully

herein.

70.     The Defendant's use of the word "Misfit", the phrase "The Misfits

Hospitality Collective," including when used with a backwards "F," on and in connection

with his restaurants and his restaurant group/hospitality group misrepresents, directly or

indirectly, the origin of Defendant's coffee, tea, beer, cocktails, and food products, and

constitutes unlawful trade practices in violation of Minn. Stat. § 325D.13.

71.     Misfit Coffee has been damaged and/or is threatened with loss, damage, or

injury by reason of the Defendant's unlawful trade practices unless enjoined.

72.     As a result of the Defendant's violation of Minn. Stat. § 325D.13, Misfit

Coffee has suffered loss and damage in an amount to be determined at trial. Misfit Coffee

is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is entitled to

preliminary and permanent injunctive relief, enjoining the Defendant from further and

continuing violations of Minn. Stat. § 325D.13.

**COUNT VI**
**(Minnesota Deceptive Trade Practices)**
**(Violation of Minn. Stat. § 325D.43, *et. seq*.)**

73.     Plaintiff restates and realleges the forgoing allegations as if set forth fully

herein.



74.     The word MISFIT and _____ are each a "Trademark" as defined in

Minn. Stat. § 325D.43, subd. 7.

75.     The Defendant's unauthorized use of the word "Misfit", the phrase "The Misfits Hospitality Collective," including when used with a backwards "F," is likely to cause confusion or misunderstanding as to the source of the Defendant's restaurants and restaurant group/hospitality group, or as to the sponsorship or approval of the Defendant's restaurants and restaurant group/hospitality group by Misfit Coffee, or as to the origin of the Defendant's goods, or as to the sponsorship or approval of Defendant's goods and/or commercial activities by Misfit Coffee, all in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

76.     Upon information and belief, the Defendant acted deliberately and willfully

in his unauthorized use of Misfit Coffee's MISFIT and ⬛ marks.

77.     Misfit Coffee is likely to be damaged by the Defendant's deceptive trade practices unless enjoined.

78.     As a result of Defendant's violation of the Minnesota Deceptive Trade Practices Act, Misfit Coffee has suffered loss and damage in an amount to be determined at trial. Misfit Coffee is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is entitled to preliminary and permanent injunctive relief, enjoining the Defendant from further and continuing violations of the Minnesota Deceptive Trade Practices Act.

## COUNT VII
### (Dilution under Minnesota Law)
### (Violation of Minn. Stat. § 333.285)

79.     Plaintiff restates and realleges the forgoing allegations as if set forth fully

herein.

80.     The MISFIT and **MIS FIT** marks are distinctive and famous in Minnesota.

81.     The Defendant's use of the word, "Misfit", the phrase "The Misfits Hospitality Collective," including when used with a backwards "F," on and in connection with Defendant's restaurants and restaurant group/hospitality group began after the MISFIT and **MIS FIT** marks became famous in Minnesota.

82.     The Defendant's unauthorized use of the word "Misfit, the phrase "The Misfits Hospitality Collective," including when used with a backwards "F," on and in connection with Defendant's restaurants and restaurant group/hospitality group is causing dilution of the distinctive quality of the MISFIT and **MIS FIT** marks .

83.     Upon information and belief, the Defendant acted deliberately and willfully in intending to trade on Misfit Coffee's reputation or to cause dilution of its famous marks.

84.     Misfit Coffee is likely to be damaged by the Defendant's dilution of its famous marks unless enjoined.

85.     As a result of the Defendant's violation of Minn. Stat. § 333.285, Misfit Coffee has suffered loss and damage in an amount to be determined at trial. Misfit Coffee is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is entitled to preliminary and permanent injunctive relief, enjoining the Defendant from further and

continuing violations of Minn. Stat. § 333.285.

## COUNT VIII
### (Common Law Trademark and Trade Dress Infringement)

86.     Plaintiff restates and realleges the forgoing allegations as if set forth fully herein.

87.     The Defendant's actions constitute trademark infringement under the common law.

88.     As a direct and proximate result of the likelihood of confusion, mistake or deception caused by the Defendant's unlawful actions, Misfit Coffee has suffered and will continue to suffer irreparable harm if the Defendant's unlawful conduct is not enjoined.

89.     The Defendant's actions entitle Misfit Coffee to monetary relief in an amount to be determined at trial.

## COUNT IX
### (Common Law Unfair Competition)

90.     Plaintiff restates and realleges the forgoing allegations as if set forth fully herein.

91.     The Defendant's actions constitute unfair competition under the common law.

92.     As a direct and proximate result of the Defendant engaging in unfair competition, Misfit Coffee has suffered and will continue to suffer irreparable harm if the Defendant's conduct is not enjoined.

93.     The Defendant's actions entitle Misfit Coffee to monetary relief in an

amount to be determined at trial.

## COUNT X
### (Declaratory Judgment)

94.     Plaintiff restates and realleges the forgoing allegations as if set forth fully

herein.

95.     This is a claim brought pursuant to Minn. Stat. Ann. § 555.02 for declaratory

relief.

96.     There is an actual and justiciable controversy among Misfit Coffee and

Defendant regarding the applicability of certain terms of the Settlement Agreement.

97.     The Settlement Agreement provides that the agreement is governed by the

laws of Minnesota. The continuing controversy between Misfit Coffee and Defendant

requires the intervention of the court.

98.     Plaintiff seeks and is entitled to a declaratory judgment under Minn. Stat.

Ann. § 555.02 that like "The Misfits Hospitality Collective" which preceded it, "The

Misfits Hospitality Collective" is identical or confusingly similar to, or a colorable

imitation or dilutive of Misfit Coffee's MISFIT® mark (as used in the '477 Registration

and the MISFIT Word Mark Applications) and/or MISFIT® mark in stylized form (

) (as used in the '478 Registration and the MISFIT Design Mark Applications).

99.     Pursuant to the terms of the Settlement Agreement, the Defendant is

prohibited from using the terms "Misfit" and "The Misfits Hospitality Collective" to

describe his restaurants and/or restaurant group/hospitality group.

100.    Defendant is contractually barred from challenging, contesting, or collaterally attacking the ownership or validity of Misfit Coffee's MISFIT® mark and

MISFIT® mark in stylized form () and the Registrations and Applications

101.    Plaintiff is entitled to equitable relief such as a temporary restraining order, an injunction, specific performance and other relief.

102.    Plaintiff is entitled to an award of attorneys' fees relating to this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment:

A.      On Counts II, III, and IV, for an award of the Defendant's profits, any damages sustained by Plaintiff, together with the costs of this action, the precise amounts of all the foregoing to be determined at trial, pursuant to 15 U.S.C. § 1117;

B.      That the amount found as actual damages be increased by an amount not exceeding three times, pursuant to 15 U.S.C. § 1117;

C.      For an award of any damages sustained by Plaintiff, the precise amounts of which to be determined at trial;

D.      For permanent injunctive relief enjoining the Defendant, and all persons in active concert with the Defendant, from using the word "Misfit", the phrase "The Misfits Hospitality Collective," including but not limited to, when used with a backwards "F," or in connection with goods and services falling within the scope of International Classes 30, 32, 33, and 43, pursuant to 15 U.S.C. § 1116, the common law, Minn. Stat. § 325D.15, Minn. Stat. § 325.45, and Minn. Stat. § 333.28-29;

E.      That the case be deemed exceptional and that Plaintiff be awarded its attorney

fees as provided by the Settlement Agreement and pursuant to 15 U.S.C. § 1117, Minn.

Stat. § 325D.45, and Minn. Stat. § 333.29;

F.      Declaratory Judgment on Count IX against Defendant that:

(1) The name "The Misfits Hospitality Collective" is identical or

confusingly similar to, or a colorable imitation or dilutive of Misfit Coffee's

MISFIT® mark (as used in the '477 Registration and the MISFIT Word Mark

Applications) and/or MISFIT® mark in stylized form () (as used in

the '478 Registration and the MISFIT Design Mark Applications);

(2) Defendant is contractually barred from challenging, contesting, or

collaterally attacking the ownership or validity of Misfit Coffee's MISFIT®

mark and MISFIT® mark in stylized form () and the Registrations

and Applications; and

(3) Pursuant to the terms of the Settlement Agreement, the Defendant

is prohibited from using the word "Misfit", the name "The Misfits

Hospitality Collective" mark or any other mark containing the word "Misfit"

in reference to restaurants and/or his restaurant group/hospitality group.

G.      Judgment against Defendant on Count X for breach of contract for damages

in an amount to be proven at trial, including an award of attorneys' fees;

H.      Pre- and post-judgment interest, costs, and attorneys' fees to the extent

permitted by law; and

I.       An order prohibiting Defendant from continued infringement of the '477

Registration and the '478 Registration, by use of the word "Misfit" and the name "The

Misfits Hospitality Collective," including, but not limited to, when used with a backwards

"F" and for the destruction of any and all existing promotional, advertising, or marketing

materials in the possession or control of Defendant bearing the MISFIT mark, the 

mark, or the name "The Misfits Hospitality Collective," including, but not limited to, when

used with a backwards "F."

J.       For such other and further relief as the court may deem just and equitable.


                                     Respectfully Submitted,


Date:  February 1, 2023              /s/ *Christopher A. Young*
                                     Christopher A. Young (288998)
                                     Tyler. W. Hartney (0400100)
                                     LARKIN  HOFFMAN  DALY  &  LINDGREN
                                     LTD.
                                     8300 Norman Center Drive, Suite 1000
                                     Minneapolis, Minnesota 55437-1060
                                     Telephone     952.835.3800
                                     Facsimile     952.842.1832
                                     cyoung@larkinhoffman.com
                                     thartney@larkinhoffman.com

                                     ***ATTORNEYS FOR PLAINTIFF***
                                     Misfit Coffee Company LLC


4854-0088-5576, v. 2